UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEANDRA DEMARIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 1:20-cv-00724-SEB-TAB |
| ) | |
| CRETE CARRIER CORPORATION, ) | |
| CHRISTOPHER A. WALKER, ) | |
| ) | |
| Defendants. ) | |

**SHOW CAUSE ORDER**

Parties appeared by counsel April 20, 2020, for a telephonic initial pretrial conference. The order setting this initial pretrial specifically stated:

> Counsel who attend the conference must have their appearance on file, and must be familiar with and prepared to discuss the facts and legal issues in the case, as well as the scope of damages. Counsel should expect to be asked specific questions concerning the case, and should be prepared to set forth all known facts that support any issue, claim, or defense, including any claim for or defense to damages.
>
> Pursuant to S.D. Ind. L.R. 16-1(d), counsel should also be prepared to fully discuss settlement at the initial pretrial conference (as well as any subsequent conference). **Plaintiff's counsel shall appear at the pretrial conference prepared to make a settlement proposal if no proposal has yet been made.** Defendant's counsel shall appear at the pretrial conference prepared to make an offer to any outstanding proposal. If no proposal has been made, Defendant's counsel shall be prepared to discuss the general parameters of relief responsive to any proposal made at the pretrial conference.

[Filing No. 10, at ECF p. 2-3.] (Emphasis in original.)

Attorney J. Kevin King appeared at the conference for Plaintiff. While he had his appearance on file, he otherwise failed—and refused—to comply with the Court's order. When asked about his client's damages, King refused to provide any information, though he stated he was doing so "respectfully." When asked to make a settlement proposal, he stated he was unable

to do so. The reason King took this position is obvious. He has filed a motion to remand this case to state court, in which he argues that Defendants cannot establish the amount in controversy requirement. [*See* Filing No. 24, at ECF p. 7, stating "Defendants have offered nothing more than speculation" regarding the amount in controversy.] King's position amounts to unacceptable gamesmanship.

If there is a good faith basis to dispute the amount in controversy, then it is entirely appropriate to challenge the removal and seek remand, given federal courts' limited jurisdiction. *See Sabrina Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("Just as we generally accept the plaintiff's good-faith allegations of the amount in controversy to establish diversity jurisdiction, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. If, however, the plaintiff challenges the defendant's amount in controversy allegation, 28 U.S.C. § 1446(c)(2)(B) instructs that removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." (Internal citation, footnote, and quotation marks omitted)). But if the amount in controversy exceeds $75,000 exclusive of interest and costs, then removal was proper. *See, e.g., Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 859 (7th Cir. 2018) ("When a defendant removes to federal court, as FINRA did here, its plausible and good faith estimate of the amount in controversy establishes jurisdiction unless it is a legal certainty that the plaintiffs' claim is for less than the requisite amount." (Internal citation and quotation marks omitted)); *Roppo*, 869 F.3d at 579 ("A removing party therefore only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence. The party seeking removal does not need to establish what damages the plaintiff will

recover, but only how much is in controversy between the parties." (Internal citation, quotation marks, and emphasis omitted)).

King cannot ignore this Court's order, as well as opposing counsel, in his effort to return to state court. He has done both. As noted above, King refused to answer the Court when questioned at the initial pretrial conference about his damages and settlement proposal, even though the order setting the conference required him to be prepared to fully discuss all aspects of the case, including damages, and make a settlement proposal if none had been made, which it had not. [Filing No. 10.] King likewise ignored opposing counsel. Between February 20 and March 2, 2020, defense counsel called King and left him emails on multiple occasions attempting to obtain information about Plaintiff's damages and see if Plaintiff would stipulate that damages did not exceed $75,000 so as to effectuate a remand. [Filing No. 17, at ECF p. 5.] King admitted at the initial pretrial conference that he did not respond to these multiple inquiries from opposing counsel.

A review of Plaintiff's complaint provides more insight into why King did not respond to defense counsel's multiple inquiries. The complaint alleges that Defendant Christopher Walker, driving a semi-tractor trailer, rear-ended the Nissan Rogue Plaintiff was driving. As a result of the accident Plaintiff suffered damages including, but not limited to, personal injuries, physical and mental pain and suffering, medical expenses, lost wages, permanency, and other pecuniary damages. [Filing No. 1-1, at ECF p. 4.] Although the complaint does not seek a specific dollar amount or figure, Indiana Trial Rule 8(A)(2) prohibits personal injury plaintiffs from doing so.

Which leads back to the initial pretrial conference. Consistent with the order setting this conference, as well as the mandate of Fed. R. Civ. Pro. 1 to pursue the just, speedy, and inexpensive determination of every action, this Court routinely utilizes initial pretrial

conferences to explore issues including damages and settlement. King violated this Court's order by flatly refusing to provide the Court with damages and settlement information. As a result, the Court orders that by May 5, 2020, King shall:

(1) Show cause why sanctions should not issue for his refusal to comply with this Court's March 31, 2020 order [Filing No. 10] and well as the Court's request at the initial pretrial conference to disclose damages information and make a settlement demand;

(2) King shall provide a copy of this order to Plaintiff, review it with her, and certify to this Court that he has done so;

(3) File a statement of special damages; and

(4) Serve a settlement proposal, which shall be copied to the Magistrate Judge at MJBakersChambers@insds.uscourts.gov.

In addition, Defendants may, at their option, serve discovery focused exclusively on damages (in addition to any other permissible discovery Defendants seek). The Court will, upon motion, order Plaintiff to provide an expedited response to any such damages discovery.

Date: 4/21/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email